TERESA M. CURRAN, Respondent, *v.* CHARLES CASELLA, Appellant, and LORETTA M. NIXON, Respondent.

First Department, June 30, 1959.

*Millard N. Bush* of counsel (*Bush & O'Brien,* attorneys), for appellant.

*Nathan L. Levine* of counsel (*Ernest L. Gard* with him on the brief), for Teresa M. Curran, respondent.

McNALLY, J. In this action for personal injuries, defendant-appellant appeals from an order of the Supreme Court, County of New York, granting plaintiff's motion to require defendant-appellant to furnish copies of the report of the physician who examined the plaintiff on the defendant-appellant's behalf.

The action was commenced by the service of summons on both defendants on July 16, 1958. The complaint was served on

July 30, 1958. The answer on behalf of defendant-appellant was served on August 4, 1958. Bills of particulars were served on both defendants on October 1, 1958. A statement of readiness was filed and the case noticed for trial. A physical examination of plaintiff was conducted on July 30, 1958.

Thereafter, on December 19, 1958, rule XII of the New York County Supreme Court Trial Term Rules for Exchange of Medical Information took effect (rule XXI of the Bronx County Supreme Court Trial and Special Term Rules for Exchange of Medical Information). After the taking effect of rule XII, plaintiff's attorney sent to defendant-appellant's attorney copies of the reports of the physicians who had examined and treated the plaintiff, prior to the effective date of the rule, and requested a copy of the report of defendant-appellant's examining physician. When this was refused, plaintiff moved pursuant to rule XII to require defendant-appellant to supply the report. Defendant-appellant's attorney submitted an affidavit in opposition to which he annexed a copy of a notice pursuant to rule XII requiring that plaintiff be produced for a physical examination at the office of a doctor designated by him. He also requested that the affidavit in opposition be considered as a cross motion.

All parties are in agreement that since the case was not on any Reserve or Day Calendar by March, 1959, the provisions of rule XII are applicable.

Defendant-appellant contends, under the facts and circumstances of this case, that he is entitled to a second physical examination. Plaintiff contends that there is no right to a second physical examination except where there has been a change in circumstances pursuant to subdivision 7 of rule XII. Subdivision 7 reads as follows: " 7. In the event that the party examined intends at the trial to offer evidence of further or additional injuries or conditions, non-existent or not known to exist at the time of service of the original medical reports, such party shall, within thirty days after the discovery thereof, and no later than thirty days before trial, serve upon all parties a supplemental medical report complying with the requirements of subdivision (a) of paragraph 2, and shall specify a time not more than ten days thereafter and a place at which a further examination may be had. Further authorizations to examine and make copies of additional hospital records, other records, X-ray or other technicians' reports as provided in subdivision (b) of paragraph 2 must also be delivered with the medical reports. Copies of the reports of the examining physicians, complying with the requirements of paragraph 3, shall be

served within ten days after completion of such further examination. If any party desires at the trial to offer the testimony of additional physicians, other than those whose medical reports have been previously exchanged, the medical reports of such physicians, complying with the requirements of subdivision (a) of paragraph 2 shall be served upon all parties at least thirty days before trial.''

One of the primary purposes of rule XII is to afford the defendant an opportunity to examine the plaintiff after he is apprised of the nature of the plaintiff's physical claim. Thus, subdivision 2 of rule XII specifically requires the plaintiff's medical reports to be in the hands of the defendant before the physical examination is conducted. Similarly, subsequent examinations are to be governed by a change in the medical claims made by the plaintiff as set forth in subdivision 7 of rule XII.

Where a physical examination has been conducted before the institution of an action, subdivision 11 of rule XII requires that at the time the prospective defendant have in his hand a copy of the plaintiff's medical report.

The record shows that in this case there has never been a physical examination which complies with this rule. No physical examination was held pursuant to a notice, which could have been served by the plaintiff if she so desired, and in which case defendant-appellant would have been entitled to plaintiff's medical reports. The examination conducted on July 30, 1958 did not comply with subdivision 11. It was not before the institution of the action, and at the time of the physical examination conducted on that date the defendant-appellant did not have a copy of the plaintiff's medical claims.

Rule XII, therefore, does not support the order appealed from insofar as it requires the defendant-appellant to furnish the plaintiff with a copy of the report of the physical examination. Although the decision states '' Cross motion by defendant is denied '', no reference to the cross motion is made in the order appealed from. Consequently, it is not before us.

Accordingly, the order appealed from should be reversed, on the law and on the facts, with costs, without prejudice to any application by any party under rule XII.

BOTEIN, P. J., BREITEL, RABIN and VALENTE, JJ., concur.

Order unanimously reversed, on the law and on the facts, with $20 costs and disbursements to the plaintiff-respondent, and the motion denied, without prejudice to any application by any party under rule XII of the New York County Supreme Court Trial Term Rules.